## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STEPHEN M. HARMER**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:22cv1852 |
| | ) | **Electronic Filing** |
| **JOHN WETZEL,** Secretary of the | ) | |
| Department of Corrections, and | ) | |
| **ASHLEY TRAFICANTE**, | ) | |
| SCI Fayette's Mailroom Supervisor | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM ORDER

AND NOW, this 28th day of June, 2024, upon due consideration of the parties' cross motions for summary judgment and submissions in conjunction therewith, IT IS ORDERED that [20] plaintiff's motion for summary judgment be, and the same hereby is, granted in part and denied in part. The motion is granted as to Plaintiff's Fourteenth Amendment procedural due process claim and denied in all other aspects;

IT FURTHER IS ORDERED that [25] defendants' motion for summary judgment be, and the same hereby is, granted in part and denied in part. The motion is denied as to Plaintiff's Fourteenth Amendment procedural due process claim and granted in all other aspects; and

IT FURTHER IS ORDERED that plaintiff is awarded nominal damages in the amount of $1.00 on his procedural due process claim; his requests for compensatory and punitive damages, declaratory judgment and injunctive relief are denied.

Plaintiff's objections to the Magistrate Judge's Report and Recommendation are overruled. The fact that <u>Vogt</u> clearly establishes that defendants' failure to provide plaintiff with

notice of rejected mail violated his Fourteenth Amendment right to liberty neither enhances nor diminishes the forms of redress available for that violation under the attendant circumstances. And declaratory, compensatory and injunctive relief are not viable options for the reasons set forth by the Magistrate Judge.

Plaintiff's contention that the Leidhecker Memo of March 31, 2022, fails to reflect a sufficient change in DOC procedures to moot the need for injunctive relief also is misplaced. Tellingly, plaintiff does not advance any proof that he timely availed himself of the appeal process by providing written notice or that he timely forwarded a cash slip with an addressed envelope only to learn that the DOC did not comply with one or both of these revised procedures. Without such a showing, plaintiff is only able to show an injury that has been addressed by the Leidhecker Memo and there is thus an insufficient basis for the court to "step in to protect the rights" of plaintiff.

Furthermore, nothing in <u>Vogt</u> or any authority advanced by plaintiff supports the notion that the appeal or forwarding process must be assigned to an outside source in order to comply with the Fourteenth Amendment. And plaintiff has not identified any compelling reason why this must be so.

Moreover, the mere fact that plaintiff could have moved for reconsideration had he been able to forward the mail in question does not suffice to establish the needed injury to proceed on his First Amendment access claim. As the Magistrate Judge aptly noted, plaintiff cannot establish an actual injury, which is essential to the claim. Defendants are entitled to summary judgment on plaintiff's First Amendment access claim.

Finally, the Seventh Amendment does displace the statutory prohibition against compensatory damages here. Nor does it permit plaintiff to receive an award of punitive

damages where the requisite showing has not been made.

Plaintiff's objections are unavailing. He is entitled to summary judgment in his favor on his Fourteenth Amendment due process claim in the amount of $1.00. Defendants are entitled to summary judgment on all other claims. A final judgment order pursuant to Rule 58 will be entered.

The Report and Recommendation of May 7, 2024, as augmented above is adopted as the opinion of the court.

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:    The Honorable Kezia O. L. Taylor,
       United States Magistrate Judge

      Scott A. Bradley, Esquire
      McCall B. Chafin, Esquire

      (*Via CM/ECF Electronic Mail*)

      Stephen M. Harmer
      LF 5755
      SCI Fayette
      50 Overbrook Drive
      LaBelle, PA 15450

      (*Sent Via First Class Mail*)