### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEPHEN M. HARMER, | ) | |
| | ) | Case No.  2:22-cv-01852 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | District Judge David S. Cercone |
| | ) | Magistrate Judge Kezia O. L. Taylor |
| JOHN WETZEL, Secretary of the | ) | |
| Department of Corrections, and ASHLEY | ) | |
| TRAFICANTE, SCI Fayette's Mailroom | ) | ECF No. 40 |
| Supervisor, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>OPINION AND ORDER</u>

Presently before the Court is Plaintiff Stephen M. Harmer's Motion for Fees and

Expenses as Prevailing Party.  ECF No. 40.  Defendants have filed a Response to the Motion for

Fees.  ECF No. 41.  On June 28, 2024, this Court entered judgment as a matter of law in favor of

Mr. Harmer and against Defendants on Mr. Harmer's procedural due process claim.  ECF No.

39.  Mr. Harmer was awarded $1.00 in damages.  *Id.*  Mr. Harmer now requests reimbursement

of attorney's fees and a variety of litigation-related costs pursuant to Federal Rule of Civil

Procedure 54(d) and 42 U.S.C. § 1988.  *See* ECF No. 40.

## I.    Attorney's Fees

Mr. Harmer requests attorney's fees in the amount of $7,500.00, consisting of 75 hours of

"research, writing, and preparing documents" at a rate of $100.00 per hour.  ECF No. 40 ¶ 18.

However, a non-lawyer, proceeding *pro se* on behalf of himself, is not entitled to attorney's fees.

*Vaughn v. Pitts*, 679 F.2d 311, 312 (3d Cir. 1982) (42 U.S.C. § 1988 "does not entitle a non-

lawyer, pro se litigant to attorney's fees").   Mr. Harmer, relying on two out-of-circuit cases,

argues that attorney's fees may be awarded to a non-lawyer, *pro se* litigant.  *See* ECF No. 40 ¶ 19

(citing *Jackson v. State Bd. of Pardons & Paroles*, 331 F.3d 790 (11th Cir. 2003) and *Scheider v.*

*Colegio de Abogados de P.R.*, 187 F.3rd 30 (1st. Cir. 1999)).  As accurately explained by

Defendants in their Response, however, neither of these cases supports an award of attorney's

fees to a non-lawyer, *pro se* litigant such as Mr. Harmer.  The *Jackson* and *Scheider* cases

concern a lawyer representing himself (and therefore proceeding *pro se*), and a lawyer

representing himself and a non-lawyer, co-litigant.  *See* ECF No. 41 at 4-5.  Here, Mr. Harmer is

a non-lawyer, *pro se* litigant; thus, he is not entitled to attorney's fees under § 1988.   Mr.

Harmer's request for reimbursement of attorney's fees will therefore be denied.

## II.    Costs

A prevailing party in a civil rights case is "entitled to recover reasonable costs associated

with litigating their claims, provided that the costs are necessary and properly documented."

*Knox v. PPG Indus., Inc.*, No. 2:15-CV-01434-BRW, 2019 WL 13178868, at *1 (W.D. Pa. July

30, 2019).  "'Compensation [of costs] is appropriate if the incurred costs are not unreasonable,

unnecessary, or inadequately documented.'"  *Id.* (quoting *Becker v. ARCO Chem. Co.*, 15 F.

Supp. 2d 621, 635 (E.D. Pa. 1998)).  Federal Rule 54(d)(1) limits the type of costs that a

prevailing party may obtain to the costs set forth in Section 1920 of Title 28 of the United States

Code.  These costs are:

> (1) Fees of the Clerk of Court and United States Marshal,
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under Section 1923 of this Title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1828 of this Title.

28 U.S.C. § 1920.  Defendants argue that, because both parties partially prevailed, the Court should exercise its discretion and order that each party bear its own costs.  ECF No. 41 at 5-6. Considering the claims at issue and the relative equities of the case, Plaintiff is entitled to an award of costs as discussed herein.

Mr. Harmer has requested reimbursement of fees that are not enumerated within section 1920, and thus such fees are not recoverable.  *See Abrams v. Lightolier, Inc*, 50 F.3d 1204, 1223-24 (3d Cir. 1995) (recognizing that the only federal statute or rule a federal court must look to when "asked to award litigation expenses" consist of those expenses "enumerated as section 1920 costs").  Therefore, Mr. Harmer is not entitled to the cost of postage, ECF No. 40 ¶ 16, nor to the claimed costs for typing documents, *id*. ¶ 17.   Such costs will be denied as not recoverable under § 1920.   The remaining costs for which Mr. Harmer seeks reimbursement are the filing fee of $402.00 and copying costs of $44.90.  *Id*. ¶¶ 14 and 15.  The filing fee of $ 402.00 is awarded in full.[1]   The cost of copies, at a rate of ten cents per copy, will be awarded in the reduced amount of $23.80, as explained below.

The costs of copies may be recovered "where the copies are necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  As for reimbursement of multiple copies, it was only necessary for Mr. Harmer to file one copy of his pleadings, as explained in the Standing Practice Order for Pro Se Civil Rights Cases:

> After the complaint is served, the plaintiff does NOT have to serve a copy of any document he/she files in the case on each defendant. The plaintiff shall file only the original of any pleading or other document with the Clerk of Court. Upon the filing of a pleading or

---

[1] The Court notes that Mr. Harmer paid the entire filing fee on June 1, 2022.  *See* ECF No. 1.

> other document, the Court's ECF system will automatically
> generate and send a Notice of Electronic Filing to all filing users
> associated with that case. Transmission of the Notice of Electronic
> Filing constitutes service of the filed document. Any party who is
> not a registered user of the Court's ECF system is entitled to
> receive a paper copy of any pleading or other document from the
> party making such filing. Service of such paper copy must be made
> according to the Local Rules of this Court and the Federal Rules of
> Civil Procedure. If the plaintiff wishes to have proof that a
> document was received/filed by the Court, then he/she must send
> an extra copy of the document with a self-addressed, postage-paid
> envelope. The extra copy will be date stamped by the Clerk's
> Office and returned in the self-addressed, postage-paid envelope.

ECF No. 4 ¶ 6.  Defendants in this case are registered CM/ECF users.   Mr. Harmer did not have

to make a service copy for any pleading he filed; and, because such a copy was not necessary, the

request for reimbursement of service copies will be denied.

Notwithstanding the above, the Court does find that it is reasonable for a *pro se* litigant to

make a copy of their own pleadings in order to maintain a full record of the litigation for

reference.  The Court finds that one copy of each of the *pro se* litigant's own pleadings is

"necessarily obtained for use in the case."  28 U.S.C. § 1920(4).  Thus, Mr. Harmer will be

reimbursed for two copies of any necessary and properly documented pleading that he filed.  Mr.

Harmer's request for fees for more than two copies of necessary pleadings will be denied.

Mr. Harmer submitted a numbered list of thirteen (13) items for which he seeks to obtain

copying fees from Defendants.  ECF No. 40 ¶¶ 1-13.  The Court has reviewed each of Mr.

Harmer's requests for copy fee reimbursement and finds that all thirteen pleadings were

necessary and properly documented.  Fees will be awarded for two copies of such pleadings.

The total pages for said copies are 238 pages.  Said pages, reimbursed at ten cents per page,

results in an award of $23.80 for copies.  No further copy fees will be awarded, as they are not

subject to reimbursement.

4

Based on the foregoing, the total amount of allowable costs is $425.80.  An appropriate Order follows.

**ORDER**

And NOW, this 12th day of December 2024, it is ORDERED that Stephen M. Harmer's Motion for Fees and Expenses as Prevailing Party, ECF No. 40, is granted in part and denied in part.  The motion is granted as follows: Plaintiff is awarded costs, chargeable to Defendants under Federal Rule Civil Procedure 54(d)(1) and 28 U.S.C. § 1920, in the total amount of $ 425.80.  All other costs and attorney's fees sought by Plaintiff are denied and thus the motion is denied in all other aspects.

s/David Stewart Cercone
David Stewart Cercone
Senior United States District Judge

cc:     The Honorable Kezia O. L. Taylor,
        United States Magistrate Judge

        Scott A. Bradley, Esquire
        McCall B. Chafin, Esquire

        (*Via CM/ECF Electronic Mail*)

        Stephen M. Harmer, LF 5755
        SCI Fayette
        50 Overbrook Drive
        LaBelle, PA 15450

        (*Sent Via First Class Mail*)